IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESITA MAPOY, | No. C 11-01530 SI |
| Plaintiff, | **ORDER GRANTING FDIC'S MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT; AND REMANDING ACTION TO CONTRA COSTA COUNTY SUPERIOR COURT** |
| v. | |
| GLOBAL FUNDING, INC.; WASHINGTON MUTUAL BANK, F.A.; et al., | |
| Defendants. | |

Currently before the Court are motions to dismiss and strike brought by the Federal Deposit Insurance Corporation (FDIC) as receiver for Washington Mutual Bank (WAMU). Those motions are set for hearing on May 27, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS FDIC's motion to dismiss the complaint as to WAMU and DENIES the motion to strike as moot. Moreover, as the removing party has been dismissed, the Court also *sua sponte* REMANDS the action against the remaining defendants back to Contra Costa County Superior Court.

**BACKGROUND**

This case stems from two adjustable rate mortgages (ARMs) plaintiff entered into with WAMU in June 2007. *See* Notice of Removal [Docket No. 1], Ex. B, Complaint ¶¶ 2, 17. Plaintiff filed her complaint in Contra Costa County Superior Court in August 2010. Plaintiff filed a Verified First

Amended Complaint (FAC) on January 31, 2011, and FDIC as receiver for WAMU, removed the action to this Court on March 30, 2011. *See* Notice of Removal at 2; *see also* 12 U.S.C. § 1819(b)(2)(B) (authorizing FDIC to remove a state court complaint to federal court within 90 days of being substituted in as a party). The FAC raises a number of claims, all concerning fraud and deceit that occurred when plaintiff entered the ARMs in June 2007, including failure of defendants to explain the terms and adjustments of the ARMs, failure to provide full and complete loan disclosures, use of a fraudulent Marital Settlement Agreement, and failure to have plaintiff sign the actual and completed loan application. *See* FAC, ¶¶ 19-32.

FDIC now seeks to dismiss the complaint for failure to exhaust, arguing that claims against FDIC, as receiver for WAMU, are subject to a mandatory administrative exhaustion process under 12 U.S.C. §§ 1821(d)(3) - (13).[1]

**DISCUSSION**

Both parties agree that on September 25, 2008, the Office of Thrift Supervision (OTS), closed WAMU and appointed FDIC as receiver for WAMU. FDIC argues that this Court lacks jurisdiction over the claims against it under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). FIRREA grants the FDIC, in its role as receiver for a failed bank, special authority to implement a mandatory administrative claims review process, and FDIC contends that plaintiff has failed to exhaust that process. *See* 12 U.S.C. §§ 1821(d)(3)-(13). Under the statute, courts do not have jurisdiction over claims until the administrative process is exhausted. *See* 12 U.S.C. § 1821(d)(13)(D); *Intercontinental Travel Marketing, Inc. v. Federal Deposit Insurance Corp.*, 45 F.3d 1278, 1282 (9th Cir. 1994) ("No court has jurisdiction over the claim until the exhaustion of this administrative process.").

Plaintiff does not contest the FDIC's assertion that plaintiff has failed to exhaust the claims process, but instead argues that her claims against WAMU fall within an exception to FIRREA's

---

[1] FDIC also argues that plaintiff's complaint should be dismissed as the claims against WAMU are preempted by HOLA and otherwise fail to state a claim. As the Court grants the motion on the basis of plaintiff's failure to exhaust, the Court need not reach these arguments. Similarly, as the Court grants the motion to dismiss, the FDIC's motion to strike portions of the complaint is DENIED as moot.

exhaustion requirement. Plaintiff relies solely on the Ninth Circuit's opinion in *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir. 1997), to argue that her claims are not subject to mandatory exhaustion. In *Sharpe*, depositors of a bank sought to enforce a settlement agreement, where the settlement agreement was reached before the failure of the bank and its subsequent receivership by the FDIC, and the agreement was not repudiated by the FDIC. In that limited circumstance, the Court held that a cause of action for beach of the settlement contract, where the settlement contract was breached by the FDIC, is not a "claim" for the purposes of the administrative exhaustion requirement. *Id*. at 1156-57. However, as the Ninth Circuit subsequently explained, the *Sharpe* case was an "unusual" one and recognized that "apart from claims made in connection with bankruptcy proceedings or arising out of a breach of contract fully performed by the aggrieved party but not repudiated by the receiver, all claims or actions must be submitted for administrative resolution." *McCarthy v. FDIC*, 348 F.3d 1075, 1081 (9th Cir. 2003).

Plaintiff, in her opposition, attempts to bring herself within the "breach of contract" exception by arguing that the foreclosure proceedings plaintiff faces as the result of the bad loans she entered into are based on the "contractual mortgage transaction." Opposition at 6:14-16. She also asserts that she is challenging the direct actions of WAMU in "purportedly attempting to foreclose on her mortgage, and not the actions of FDIC as receiver." *Id*. at 6:21-22. However, the only factual basis for the claims alleged against WAMU in the FAC is related to the origination of the 2007 ARMs. There are *no* factual or legal allegations in the FAC regarding wrongful or improper foreclosure or attempts to foreclose.

On the basis of the operative complaint, the Court finds that plaintiff's claims against WAMU for alleged unlawful practices, restitution, conversion, violation of the Rosenthal Fair Debt Collection Act, and declaratory relief in connection with the origination of her 2007 ARMs are subject to the FDIC's administrative claims exhaustion process. As there is no evidence or argument that plaintiff has exhausted that process, this Court is without subject matter jurisdiction over those claims.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS FDIC's motion as receiver for WAMU, and DISMISSES the complaint as to WAMU. The Court, therefore, DENIES FDIC's motion to strike portions of the FAC as moot. Finally, as the removing defendant has been

3

dismissed, and all of the claims in the lawsuit are state law claims, the Court will decline supplemental jurisdiction over the state law claims, and *sua sponte* REMANDS the case to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: May 23, 2011

SUSAN ILLSTON
United States District Judge